No. ........

First Circuit

MRS. MATTIE M. KEAN v. OSCAR J.
CHANEY.

(November 10, 1925.  Opinion and Decree.)
(December 22, 1925.  Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Landlord and Tenant
   Par. 63.**
   Agreements between the parties unless con-
   trary to law is the law of the case.
   Improvements made by a tenant
   which by agreement were to be in-
   cluded in the rent must be so held.

Appeal from the Parish of East Baton
Rouge, Hon. W. Carruth Jones, Judge.

This is a suit on a note coupled with a
provisional seizure. Defendant filed a re-
conventional demand for the value of im-
provements put on the property of the
plaintiff. There was judgment for plain-
tiff on the main demand and for the de-
fendant on the reconventional demand.
Plaintiff appealed. Judgment affirmed.

Cross & Moyse of Baton Rouge, attor-
neys for plaintiff, appellant.

R. F. Walker of Clinton, attorney for
defendant, appellee.

MOUTON, J.  Defendant, on Feb. 1st,
1924, executed his promissory note in fa-
vor of plaintiff for $400.00 for the rental of
203 acres of land on a verbal lease. Plain-
tiff brought suit on the note and obtained
the provisional seizure of some household
effects of defendant to satisfy her demand.
There is no attack of either the note or
seizure by defendant, who claims $498.75
from plaintiff in reconvention for the value
of improvements he alleges to have made
on the property during his possession as
lessee.

In his reconventional demand defendant
claims that these improvements were made

in the year 1924, which is the year for
which the note sued upon was given. It
developed in the course of the trial that
defendant had been leasing the property
from plaintiff for several years prior to
the year of 1924. Upon proof being of-
fered by defendant to show that these im-
provements had been placed on the prem-
ises during these prior years, plaintiff ob-
jected thereto, contending that the plead-
ings did not authorize the introduction of
evidence to sustain any agreement in ref-
erence to improvements preceding 1924.
This objection, we think, was well
grounded, as the answer of defendant re-
garding the alleged improvements was re-
stricted to the year 1924. Such evidence
was at least of doubtful admissibility, but,
as it is in the record and disposes of the
issue, we shall consider it. Counsel for
defendant says the lessee is the owner
of the improvements put by him on the
thing let, and has the right to remove
them at the termination of the lease. As
a general proposition this is correct, and
Article C. C. 2726 so declares, subject to
the modifications as therein provided. Tes-
tifying in reference to these improvements,
plaintiff says, it was positively understood
that the repairs which defendant made on
the property were not to be taken out of
the rent. Further she says that her con-
tract with defendant was his assumption
of the rent and the repairs he made on
the place. In this respect she is supported
by the testimony of F. H. Kean, her agent,
who conducted the transactions for the
rent. It is shown that several settlements
were made by defendant for rent for the
years which preceded 1924, and that, at no
time prior to 1924, he urged any reim-
bursements for these repairs. It was in
1924, for the first time that he laid claim
thereto. Defendant testifies to a contrary
state of facts, but his testimony can not

prevail against the evidence of the plaintiff, corroborated by the testimony of her agent, by the circumstances of the case, and by which it appears that, according to the agreement of plaintiff and defendant, which became the law between the parties, the improvements or repairs were to be included in the rent. The recovery of their value by defendant was therefore properly denied by the District Judge.

Affirmed.